**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR THOMPSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-2748** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                    **MAY  20, 2026**

Plaintiff Arthur Thompson, a prisoner currently incarcerated at the Federal Detention

Center in Philadelphia, filed this civil action against the United States of America based on

federal criminal proceedings that resulted in his convictions for unlawfully possessing a firearm

as a felon, *see United States v. Thompson*, Crim. A. No. 25-13 (E.D. Pa.) (ECF No. 174), and

*United States v. Thompson*, Crim. A. No. 25-320 (E.D. Pa.) (ECF No. 108).[1]  For the following

reasons, the Court will dismiss the Complaint as legally frivolous.

**I.      FACTUAL ALLEGATIONS**[2]

The gist of Thompson's Complaint is that his religion requires him to carry weapons, so

his prosecution for prohibited possession of a firearm violates his First and Second Amendment

rights.[3]  (Compl. at 1.)  He also claims due process violations in connection with his prosecution.

---

[1] Although Thompson has been convicted, he has not yet been sentenced.

[2] In determining whether the Complaint states a claim, the Court considers Thompson's allegations, exhibits attached to the Complaint, and matters of public record.  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Thompson has raised this argument in other cases challenging his prosecutions for state and federal weapons violations.  *See Thompson v. Fed. Bureau of Investigation*, Civ. A. No. 25-1095

(*Id.*)  Thompson asserts that the Honorable Karen Marston, the Judge assigned to preside over his federal criminal prosecutions, made several legal errors in his case that denied him his constitutional rights and violated criminal statutes.  (*Id.*)  He also contends the prosecutor who pursued the case against him on behalf of the government "persecuted" him and conspired with the judge.  (*Id.*)  Thompson "wants the F.B.I. to do a full investigation into these matters and wants charges brought" against those who violated his rights.  (*Id.*)  He also "want[s] both indictments dropped," immediate release, and $10 million "for the suffering, adversity and distress and being . . . a slave and prisoner."  (*Id.*)

## II.    STANDARD OF REVIEW

The Court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss any claims that are frivolous, among other things.  28 U.S.C. § 1915A(b)(a)-(b).  A complaint is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III.    DISCUSSION

There are numerous legal defects in Thompson's claims.  First, Thompson cites 18 U.S.C. §§ 241, 242 and 247 as the basis for his lawsuit but, as he has been told before, *Thompson*

---

(E.D. Pa.); *Thompson v. Fed. Bureau of Investigation*, Civ. A. No. 25-2274 (E.D. Pa.); *Thompson v. Commonwealth of Pa.*, Civ. A. No. 25-2780 (E.D. Pa.); *Thompson v. F.B.I.*, Civ. A. No. 25-4510 (E.D. Pa.); *Thompson v. All Parties Involved in the Arrest and Prosecution of Arthur Thompson and all Others Similarly Situated*, Civ. A. No. 25-5665 (E.D. Pa.); *Thompson v. Johnson*, Civ. A. No. 25-5818 (E.D. Pa.).

*v. Fed. Bureau of Investigation*, No. 25-1095, 2025 WL 834747, at *3 (E.D. Pa. Mar. 17, 2025); *Thompson v. F.B.I.*, No. 25-4510, 2025 WL 3009341, at *3 (E.D. Pa. Oct. 27, 2025), these criminal statutes do not give rise to a civil cause of action, *see Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" ); *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Wilson-Johnson v. Walker*, No. 18-1076, 2018 WL 1641223, at *2 (E.D. Pa. Apr. 4, 2018) (concluding that §§ 241, 242 and 247 "do not provide a basis for civil liability").

Second, Thompson's request for a criminal investigation and the initiation of criminal charges, as he has also been previously told, *Thompson*, 2025 WL 834747, at *3, has no place in a civil lawsuit and is not the type of relief this Court can order, *see Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) ("[A] civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

Third, "to the extent Thompson seeks to challenge his indictments and/or prosecutions, the proper place to do so is in his criminal proceedings, not a separate civil action." *Thompson*,

3

2025 WL 3009341, at *3; *see also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) (observing that "[c]ourts have long stressed that defendants should pursue the remedies available within the criminal action" because "[f]unneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping"); *Williams v. Williams*, No. 23-1137, 2023 WL 5182591, at *3 (E.D. Pa. Aug. 11, 2023) ("A federal pretrial detainee challenging the validity of charges and his pretrial detention in a federal criminal case must raise such claims in a pretrial motion in the federal criminal case.").

Fourth, there is no nonfrivolous basis for damages claims against the United States for the type of constitutional violations Thompson claims. *See Thompson*, 2025 WL 3009341, at *4 (explaining to Thompson that any claims under *Bivens*, "which provides a damages remedy against federal officers in extremely limited circumstances . . . must be dismissed as legally frivolous" because "*Bivens* does not permit a remedy against the United States or its agencies"); *see also Thompson*, 2025 WL 834747, at *3 (concluding that Thompson "has not alleged any legal basis" for a claim against the FBI based on his prosecution).

Fifth, even if Thompson's Complaint could be liberally construed to assert damages claims against Judge Marston and the prosecutor based on the decisions they made in handling and pursuing Thompson's federal prosecutions, respectively, those claims would be barred by principles of judicial and prosecutorial immunity. *See Thompson*, 2025 WL 834747, at *4 (dismissing Thompson's civil rights claims against judges and prosecutors based on immunity principles); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (holding that Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in

4

their judicial capacity, so long as they do not act in the complete absence of all jurisdiction); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (explaining that prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case").

Finally, there is no legal basis for a civil RICO claim based on Thompson's prosecution or conviction. *See, e.g., Talbert v. Commonwealth of Pennsylvania*, No. 16-1041, 2016 WL 1108958, at *2 (E.D. Pa. Mar. 18, 2016) ("[P]laintiff cannot state a RICO claim because any injuries he sustained by virtue of his arrest, conviction, and imprisonment are not injuries to 'business or property' for purposes of RICO."), *aff'd,* 667 F. App'x 778 (3d Cir. 2016); *Etti ben-Issaschar v. ELI Am. Friends of the Israel Ass'n for Child Prot., Inc.*, No. 15-6441, 2016 WL 97682, at *3 (E.D. Pa. Jan. 7, 2016) ("The type of harm suffered by [plaintiff] for which she seeks to recover in this action—i.e., harm related to her detention and the alleged abuse she suffered while detained—is not an injury to 'business or property' that is cognizable under the RICO laws."); *Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) ("A injury 'by nature of mental distress' is not sufficient to claim damage to business or property.").

IV.   **CONCLUSION**

In sum, there is no legal basis for Thompson's civil lawsuit based on his federal prosecution. Accordingly, the Court will dismiss this case as legally frivolous. An appropriate Order follows, which dismisses this case. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**/s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, J.**

5